**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Robert Smith,

    Petitioner,

    v.                                         Case No. 1:07cv93

Warden, Warren                      Judge Michael R. Barrett
Correctional Institution,

    Respondent.

## ORDER

Before the Court is the March 11, 2008 Magistrate Judge's Report and Recommendation ("R&R") (Doc. 21) regarding Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Petitioner filed timely objections to the R&R. (Docs. 29, 30)

**I.    BACKGROUND**

The facts and procedural history of the state proceedings are set forth in the Magistrate Judge's R&R and need not be repeated here.

Petitioner filed this federal habeas action *pro se* on February 5, 2007. (Doc. 1.) Petitioner asserts eight grounds for relief: (1) the trial court erred when it failed to suppress the identification of Petitioner; (2) prosecutorial misconduct; (3) the trial court erred when it failed to award a new trial; (4) ineffective assistance of trial counsel; (5) Petitioner's

conviction was not supported by sufficient evidence and/or was against the manifest weight of the evidence; (6) Petitioner was denied a fair trial as the result of cumulative error; (7) Petitioner's sentence violated his Sixth Amendment right to trial by jury; (8) appellate counsel was ineffective for failing to adequately argue that trial counsel failed in his duties to do a thorough investigation of law and facts.

## II.   MAGISTRATE JUDGE'S R&R

The Magistrate Judge found that Petitioner failed to establish that the findings of the state appellate court are unreasonable, and therefore Petitioner is not entitled to federal habeas corpus relief.

Petitioner objects to the Magistrate Judge's R&R with respect to Grounds One, Four, Five, and Eight. In his Objections, Petitioner essentially repeats the arguments considered and rejected by the Magistrate Judge.

## III.   ANALYSIS

Because the Magistrate Judge correctly and succinctly set forth the applicable standards of review for federal habeas review, the same will not be repeated here.

### A.   Ground One

Petitioner argues that the trial court erred when it failed to suppress the eyewitness identification of Petitioner. Petitioner maintains that there are inconsistencies in the testimony of the victim regarding the description of the car used during the crime and the identification of Petitioner.

As the Magistrate Judge explained, "an identification violates a defendant's right to due process where the identification procedure was so unnecessarily suggestive as to run the risk of irreparable mistaken identification." *Howard v. Bouchard*, 405 F.3d 459, 469

(6th Cir. 2005), *citing Neil v. Biggers*, 409 U.S. 188 (1972); *Stovall v. Denno*, 388 U.S. 293, 301-02 (1967). The Magistrate Judge also set forth the proper two-step analysis: the court first must determine whether the identification was unnecessarily suggestive; if so, the court assesses whether the identification was nonetheless reliable under the totality of the circumstances. *Howard*, 405 F.3d at 469.

The petitioner bears the burden of showing that the identification was impermissibly suggestive. *United States v. Hill*, 967 F.2d 226, 230 (6th Cir. 1992). In determining whether an identification was unduly suggestive, the reviewing court "look[s] to the effects of the circumstances of the pretrial identification, not whether law enforcement officers intended to prejudice the defendant." *Howard*, 405 F.3d at 470. In judging reliability, the Court is to consider the totality of the circumstances, including: (1) the opportunity of the witness to view the defendant at the initial observation; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the defendant; (4) the level of certainty shown by the witness at the pretrial identification; and (5) the length of time between the initial observation and the identification. *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977); *Neil*, 409 U.S. at 199-200.

The Magistrate Judge found that even if the "show up" with Petitioner's photo was unduly suggestive, based on the totality of the circumstances, the identification was nevertheless reliable.

In his Objections, Petitioner takes issue with the finding regarding the first reliability factor of the opportunity of the witness to view the defendant at the initial observation. Petitioner relies on the testimony of the victim that it was dark when the crime occurred. However, the Court notes that despite it being dark, the witness testified that he "got a

good look at his face." (Doc. 12, Ex. 26, Tr. 214-15.)

Petitioner also takes issue with the finding regarding the second factor: the witness' degree of attention. Petitioner points out that the victim testified that all the assailants were his height, or 5'10". Petitioner states that he is 5'5". Petitioner also points out that at the suppression hearing, the victim testified that the assailant had gold teeth, but at trial, he did not mention the gold teeth. However, as the Magistrate Judge explained, the victim immediately recognized Petitioner, and was not prompted or coached by the police when he identified Petitioner from the photograph. Furthermore, the Magistrate Judge found that the victim's testimony at the suppression hearing and trial were consistent because the victim testified that Petitioner's teeth were "kind of separated" and Petitioner had a goatee.

Next, Petitioner takes issue with the finding with regard to the third factor: the accuracy of the witness' prior description. Petitioner argues that the prior description only included "four male blacks, dark vehicle." While this information may have been relevant to the stop of Petitioner's vehicle, it has little bearing on the victim's identification of Petitioner based on the photograph.

Finally, Petitioner argues that under the fourth factor, the level of certainty shown by the witness at the pretrial identification, the victim testified that he had been given pain medication when he made the identification. However, there is nothing in the record which would indicates that the medication given to the victim impaired his reliability. During the suppression hearing, the victim testified that he did not know what kind of medication he had been given, but it did not make him drowsy. (Doc. 12-15, Tr. 61.)

Based on the foregoing, the Court rejects the objections raised by Petitioner and finds no error in the Magistrate Judge's conclusion that Petitioner is not entitled to habeas

corpus relief based on Ground One.

B.  **Ground Four**

Petitioner claims that his counsel was ineffective.  As the Magistrate Judge explained, to establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Under the Antiterrorism and Effective Death Penalty Act, a state appellate court's ruling on an ineffective assistance of counsel claim must be an unreasonable application of *Strickland*.  *See Bell v. Cone*, 535 U.S. 685, 693-94 (2002).

Petitioner argues that his trial counsel was ineffective because he failed to review the audiotape of Petitioner's statement to the police.  The Magistrate Judge addressed this argument in his R&R, and concluded that Plaintiff had not shown that audiotape of the interrogation was contrary to the detective's description of the interrogation.  As the Magistrate Judge also noted, Petitioner was a participant in the interrogation, and he had not explained how any evidence in the tape would tend to exculpate him or assist in cross-examination.

Petitioner claims that the audiotape would have impeached Detective Cox, who testified that Petitioner gave changed stories but admitted that he was not there during the interrogation.  However, the Court does not find support for this in the record.  Detective Cox testified that he questioned Petitioner, and in response to those questions, Petitioner gave two different versions of the events. (Doc. 12-17, Tr. 332, 334-38.)  Detective Cox testified that Detective Brehm then arrived to process the vehicle and continue the investigation.  (Id., Tr. 338.)  Therefore, the Court finds no error in the Magistrate Judge's
1:07cv93 Page 5 of 9

determination that it was reasonable for the Ohio courts to conclude that Petitioner had not demonstrated a factual basis for his ineffective assistance of counsel claim.

Petitioner also argues that his trial counsel was ineffective because he failed to impeach the testimony of the complaining witness with regards to his identification of Petitioner. Petitioner argues that the victim testified all the assailants were his height, and failed to testify at trial that Petitioner has gold teeth. As the Magistrate Judge noted, the record shows that trial counsel conducted a thorough and meaningful cross examination. The Magistrate Judge concluded that the handling of the cross-examination of the victim may have been a trial strategy aimed at avoiding bolstering the victim's testimony. *Accord Strickland*, 466 U.S. at 690 (a court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."). Moreover, as the Magistrate Judge noted, Petitioner failed to show that there was a reasonable probability that he would have been acquitted had counsel attempted to impeach the victim's testimony.

Based on the foregoing, the Court rejects the objections raised by Petitioner and finds no error in the Magistrate Judge's conclusion that Petitioner is not entitled to habeas corpus relief based on Ground Four.

### C. Ground Five

Petitioner argues that the evidence at trial was insufficient because the only evidence linking Petitioner to the crime was the identification of the complaining witness.

Sufficient evidence supports a conviction if, after viewing the evidence and the inferences to be drawn therefrom in the light most favorable to the prosecution, the court can conclude that any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).  In considering a sufficiency claim, circumstantial evidence is entitled to equal weight as direct evidence.  *Durr v. Mitchell*, 487 F.3d 423, 449 (6th Cir. 2007), *cert. denied*,128 S.Ct. 1652 (2008).  The Magistrate Judge reviewed the evidence in the record, including the evidence related to the identification of Petitioner and Petitioner's vehicle, and concluded that the evidence was constitutionally sufficient to sustain Petitioner's convictions.  The Court finds no error in this conclusion.

Based on the foregoing, the Court rejects the objections raised by Petitioner and finds no error in the Magistrate Judge's conclusion that Petitioner is not entitled to habeas corpus relief based on Ground Five.

### D. Ground Eight

Petitioner argues that he should be permitted to proceed with his claim of ineffective assistance of appellate counsel because it was not based on evidence outside the record.

Petitioner's claim is that appellate counsel was ineffective for failing to argue that trial counsel failed to investigate his allegedly unlawful stop, detention, and search.  As the Magistrate Judge explained, Petitioner raised this argument in petitioner's Rule 26(B) application to reopen his direct appeal.  As the Magistrate Judge noted, the Ohio Court of Appeals found that appellate counsel was not ineffective in failing to make the claim because he could not have raised this claim on direct appeal because it relied on evidence outside the record.

Petitioner argues that the 911 tape and dispatch report were a part of the record, and so the claim could have been raised.  However, as the Magistrate Judge explained, Petitioner's claim that counsel failed to investigate the circumstances surrounding the stop

and detention by the police necessarily relies on evidence outside the record because it concerns counsel's acts or omissions prior to trial. As the Magistrate Judge explained further, this claim had to be raised in a post-conviction proceeding.

Based on the foregoing, the Court rejects the objections raised by Petitioner and finds no error in the Magistrate Judge's conclusion that Petitioner is not entitled to habeas corpus relief based on Ground Eight.

## IV. CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's R&R. Accordingly, the March 11, 2008 Magistrate Judge's R&R (Doc. 21) is hereby **ADOPTED**; and it is hereby **ORDERED** that:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice;

2. A certificate of appealability shall issue with respect to Petitioner's Sixth Amendment claim alleged in Ground Seven of the petition on the issue of whether any *Blakely* violation constitutes harmless error because reasonable jurists could debate whether this claim should have been resolved in a different manner and, alternatively, whether the issue presented in this ground for relief is "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), *quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (in turn quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). A certificate of appealability shall not issue with respect to the remaining claims alleged in the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); and

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order adopting the Magistrate Judge's R&R would be taken in "good faith" and therefore Petitioner is **GRANTED** leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                          Michael R. Barrett, Judge
                                          United States District Court